**In re GREGORY & GOLDBERG, INC., Bankrupt.**

**NEW YORK CREDIT MEN'S ADJUSTMENT BUREAU, INC., as Trustee in Bankruptcy of Gregory & Goldberg, Inc., Bankrupt, Plaintiff,**

v.

**Nancy J. YOUNG and Jack Goldberg, Defendants.**

**Bankruptcy No. 79 B 847.**

United States Bankruptcy Court, S. D. New York.

March 10, 1981.

Hahn, Hessen, Margolis & Ryan, New York City, for the trustee; Harry Robert Varon, New York City, of counsel.

Nancy J. Young, pro se.

## MEMORANDUM AND ORDER DETERMINING THE REASONABLENESS OF ATTORNEY'S FEES

BURTON R. LIFLAND, Bankruptcy Judge.

This motion filed by the Trustee pursuant to Rule 220 of the Rules of Bankruptcy Procedure[1] requests an examination of the reasonableness of a $3,000.00 fee paid by the debtor to Nancy J. Young, Esq. Invocation of Rule 220(a) triggers this court's scrutiny of the reasonableness of this fee if the payment was made to an attorney for services rendered (or to be rendered) for a debtor "in contemplation of the filing of a [bankruptcy] petition by or against him . . . ." Rule 220(c) provides that any payment made under subdivision (a) " . . . shall be held valid only to the extent of a reasonable amount as determined by the court. The amount of any excess found to have been paid . . . may be recovered for the benefit of the estate. . . ."

■ Attorney Young's legal services clearly fall within the ambit of Rule 220(a) having been rendered to the debtor "in contemplation of bankruptcy". When the debtor retained Attorney Young on March 22, 1979 its business operations were at a complete standstill as a result of a union strike. From March 23, 1979 to March 30, 1979, the debtor fully apprised Attorney Young of the grievous nature and extent of its financial difficulties. Also during this week, Attorney Young represented the debtor at lengthy union negotiations. Furthermore, Attorney Young spent numerous hours reviewing the files and preparing papers pertaining to an assignment for the benefit of creditors, which was subsequently signed in her office on March 30, 1979.

Although Attorney Young's legal services were aimed at preventing bankruptcy through an effort to revive the debtor's moribund operations, the authorities are clear that " . . . services devoted to the prevention of bankruptcy, such as [ones] to effect a settlement, may . . . be rendered in contemplation of bankruptcy and are, therefore, subject to re-examination." 3 (Part 2) *Collier on Bankruptcy* at 1148 (14th Edition 1977). A seminal case in this area, *Conrad, Rubin & Lesser v. Pender*, 289 U.S. 472, 53 S.Ct. 703, 77 L.Ed. 1327 (1933) commented:

> But it is insisted, in the instant case, that the payment to appellants could not properly be regarded as made in contemplation of bankruptcy, and hence within the jurisdiction to reexamine, because the payment was for the purpose of engaging appellants to conduct negotiations with creditors in order to arrange for an extension of time, and if necessary, for the operation of the business under the creditors' supervision, and thus to avoid a forced liquidation and ultimately to restore the business to a sound basis. We find no ground for saying that the fact that such purposes were in view establishes as matter of law, that the payment was not in contemplation of bankruptcy. On the contrary, negotiations to prevent bankruptcy may demonstrate that the thought of bankruptcy was the impelling cause of the payment."

---

1. The trustee's motion was filed pursuant to both § 60(d) of the Bankruptcy Act (former) 11 U.S.C. § 96(d), and Rule 220 of the Rules of Bankruptcy Procedure. Rule 220 superseded § 60(d).

*Id.* at 478–479, 53 S.Ct. at 705. Similarly, in *The Matter of Buchanan*, 66 F.2d 416 (2d Cir. 1933), *cert. den.* 290 U.S. 682, 54 S.Ct. 120, 78 L.Ed. 588 (1934), the court in construing § 60(d) considered an attorney's drafting of a composition agreement to be a service rendered for a debtor "in contemplation of bankruptcy". *See also Carter Semi-Conductor, Inc.*, Bankr.L.Rep. (CCH) ¶ 66, 119 (E.D.N.Y.1976) (construing Rule 220).

Since Attorney Young's services are a proper subject for inquiry under Rule 220(a), this court is competent to examine the reasonableness of her $3,000 fee. "It is the judge's duty arrive at a conclusion as to allowances which is not unfair to the estate and which, at the same time is not unjust to counsel." *In re Hawkeye Land, Ltd.*, 1 B.C.D. 269 (S.D.Iowa 1974). *See In re Film Chateau, Inc.*, 4 B.C.D. 1138 (S.D.N.Y.1978) (construing Rule 220).

Attorney Young contends that she devoted at least 30 hours to the debtor between March 22, 1979 and March 30, 1979. In particular she appeared as debtor's counsel at union headquarters on March 29, 1979 for a meeting which lasted until 11:30 p. m. that night. Moreover, Attorney Young devoted numerous hours from March 26 through March 30 in lengthy meetings with the office staff of the debtor concerning the financial difficulties of the firm. She also reviewed all papers and files with reference to economic survival or the alternative of an assignment for the benefit of creditors [2] and was instrumental in the ultimate consideration by the debtor of this assignment.

This court concludes that Attorney Young acted reasonably in billing for 30 hours work; however, Attorney Young's fee of $100. per hour is excessive under the circumstances. Attorney Young customarily bills for her legal services at $75–$100/hour. This court considers $85 per hour to be a fair and reasonable payment for the above-described legal services. Therefore, Attorney Young is entitled to a compensation of $2,550. (30 hours at $85 per hour) for her services.

ORDERED, the excess of $450 is to be returned for the benefit of the estate.

---

**2.** An assignment for the benefit of creditors is the fourth act of bankruptcy under § 3 of the Bankruptcy Act (former), 11 U.S.C. § 21, which is one of the predicates for the filing of an involuntary petition in bankruptcy.